# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY | § § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-2361-S |
| JOSE PLATERO D/B/A JOSE F. PLATERO FRAMING CONSTRUCTION and SHADDOCK HOMES, LTD. | § § § § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff Crum & Forster Specialty Insurance Company's ("CFSIC") Motion for Entry of Default Judgment Against Defendant Jose Platero d/b/a Jose F. Platero Framing Construction ("Motion") [ECF No. 29]. The Court has reviewed the Motion and the applicable law. For the following reasons, the Court **DENIES** the Motion without prejudice.

### I. BACKGROUND

This is an insurance coverage dispute arising out of a personal injury lawsuit currently pending in the 342nd Judicial District Court of Tarrant County, Texas, styled as *Irma Cristina Macias Pachon as Next Friend of J.R. v. Shaddock Homes, Ltd., et al.*, Cause No. 342-329741-21 ("Underlying Lawsuit"). In the Underlying Lawsuit, the plaintiff alleges that in September 2021, a minor, J.R., was hit by a vehicle and suffered injuries while working on a residential construction project managed by Defendant Shaddock Homes, Ltd., and/or Platero. *See* Am. Compl. for Declaratory J. ("Am. Compl.") [ECF No. 18] ¶¶ 7, 12. CFSIC previously issued a commercial general liability insurance policy to Platero ("Primary Policy") that was effective during the time of the alleged injury. *See id.* ¶ 16. Shaddock claimed to be an additional insured under the Primary

Policy. *Id.* ¶ 9. FCSIC also issued an Excess Policy to Platero for the same policy period as the Primary Policy. *Id.* ¶ 27. Shortly after Platero was named as a defendant in the Underlying Lawsuit, CFSIC brought the instant case seeking a declaration from the Court that under the Primary Policy and Excess Policy, CFSIC does not owe a duty to defend or indemnify Platero and/or Shaddock against the personal injury claims in the Underlying Lawsuit. *See id.* ¶¶ 33-40.

Shaddock timely filed an answer to CFSIC's Original Complaint. *See* ECF No. 11. CFSIC amended its Complaint twice—once on January 17, 2023, *see* ECF No. 15, and again on February 14, 2023, *see* ECF No. 18. CFSIC properly served its Amended Complaint on Platero on February 23, 2023. *See* ECF No. 19. When Platero failed to answer or otherwise appear within the time allotted by the Federal Rules of Civil Procedure, CFSIC moved for, and the Clerk entered, default. *See* ECF No. 22. CFSIC then filed the instant Motion, seeking a default judgment declaring that it has no duty to defend or indemnify Platero against the claims in the Underlying Lawsuit. At the time of this Order, Platero has not appeared in this lawsuit.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). After entry of default, the Court may enter a default judgment upon plaintiff's motion. FED. R. CIV. P. 55(b)(2). Whether to enter default judgment is within the sound discretion of the Court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge."). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citation omitted). Default judgments are "disfavored," and there is "a strong policy in favor of decisions on the merits and against resolution of cases through default judgments." *Lindsey v.*

*Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citations omitted). By defaulting, a defendant admits a plaintiff's well-pleaded allegations of fact. *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citation omitted). To determine whether to enter default judgment, the Court conducts a two-part analysis.

First, the Court examines whether a default judgment is appropriate under the circumstances, considering: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey*, 161 F.3d at 893 (citation omitted).

Second, the Court assesses the merits of a plaintiff's claims to determine whether a sufficient basis exists in the pleadings for the judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Although a defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* However, "the requisite threshold for pleading sufficiency is lower on a motion for default judgment than on a motion to dismiss." *Edmond v. Marathon Petroleum Co.*, No. EP-20-CV-00210-DCG, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (citation omitted).

### III. ANALYSIS

Platero has not filed a responsive pleading or answer in this case, despite being properly served with the Amended Complaint, and the Clerk entered default. The prerequisites for default judgment have therefore been met, and the Court must decide whether entry of a default judgment is appropriate. Because the Court finds that Platero is similarly situated to Shaddock, a default

judgment against Platero carries a significant risk of inconsistent judgments and/or prejudice to Shaddock. Therefore, the Court declines to enter a default judgment against Platero at this time.

District courts in this Circuit and others have interpreted the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. 552 (1872), to stand for the proposition that default judgments against defaulting defendants must not create logically inconsistent judgments in cases where some defendants have not defaulted. *See, e.g.*, *Nat'l Liab. & Fire Ins. Co. v. Young*, No. 6:19-CV-031-H, 2020 WL 6122546, at *2 (N.D. Tex. Feb. 19, 2020). In other words, where similarly situated defendants have closely related defenses, and the relief requested in the motion for default judgment affects the non-defaulting defendant, it is within the Court's discretion to deny the motion and avoid the potential for inconsistency. *See Impala Afr. Safaris, LLC v. Dall. Safari Club, Inc.*, No. 3:13-CV-2175-G, 2013 WL 6231413, at *2-3 (N.D. Tex. Dec. 2, 2013); *Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2004-3, Asset-Backed Certificates, Series 2004-3 v. Rodriguez*, No. H-17-2483, 2018 WL 1475239, at *1 (S.D. Tex. Feb. 27, 2018) (collecting cases), *report and recommendation adopted sub nom. Deutsche Bank Nat'l Tr. Co. v. Rodriguez*, 2018 WL 1468707 (S.D. Tex. Mar. 21, 2018).

Here, CFSIC argues in its Amended Complaint that there are two exclusions in the Primary Policy and Excess Policy that release it from the duty to defend or indemnify Platero and/or Shaddock—the policies do not cover bodily injury to "employees" or "workers." Am. Compl. ¶¶ 17-18, 28-30. The Primary Policy defines "employee" as any person who performs part or all of the insured's work or duties of any nature related to the conduct of the insured's business and who has authorized the insured to "[w]ithhold federal income taxes," "[w]ithhold and pay Social Security and Medicare taxes," and "[p]ay unemployment tax" on wages paid to the employee. *See id.* ¶ 18. "Worker" means any person who performs part or all of the insured's work or duties of

4

any nature related to the conduct of the business and who is not an "employee" of the insured. *Id.* According to CFSIC, the question of whether it is obligated to defend or indemnify Platero and/or Shaddock under the Primary Policy turns on whether the injured individual, J.R., is classified as an "employee" or a "worker." *Id.* ¶ 25; *see also id.* ¶ 40 (stating that CFSIC has no duty to indemnify under the Excess Policy if J.R. was an employee or worker of Platero and/or Shaddock). CFSIC alleges that if J.R. was an "employee" as to Platero, then he was a "worker" as to Shaddock, and vice versa. *Id.* ¶¶ 22-23. If J.R. falls into either of these categories—and CFSIC contends that he does—the policy exclusions apply, and the injury is not covered. *Id.* ¶¶ 25, 40.

Here, due to Platero's failure to respond, CFSIC seeks a declaration that it has no duty to defend or indemnify Platero. Mot. 2. Such a judgment depends on the Court finding that CFSIC has sufficiently established that J.R. was Platero's "worker" or "employee" under the policies. *See, e.g.*, Am. Compl. ¶ 25. However, that J.R. was Platero's "worker" or "employee" is precisely what non-defaulting Defendant Shaddock *denies* in its Answer, as the answer to that question also affects CFSIC's obligations as to Shaddock. *See* Answer [ECF No. 11] ¶¶ 20-27, 30, 36, 41. As Shaddock has appeared and asserts that CFSIC is not entitled to the relief it seeks here, a default judgment against Platero in CFSIC's favor would prejudice Shaddock and risk a later judgment inconsistent with this one as Shaddock litigates the merits and its defenses.[1] *See Nat'l Liab. & Fire Ins. Co.*, 2020 WL 6122546, at *3; *Nat'l Cas. Co. v. KT2 LLC*, No. 3:19-CV-1926-E, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021). To avoid this risk, the Court declines to issue a default judgment against Platero at this time.

---

[1] Indeed, CFSIC recently filed a motion seeking summary judgment against Shaddock on this issue. *See* ECF No. 37. Shaddock's deadline to respond has not yet passed.

## IV. CONCLUSION

To avoid the risk of inconsistent judgments and prejudice to the non-defaulting Defendant, the Court **DENIES** CFSIC's Motion for Entry of Default Judgment Against Defendant Jose Platero d/b/a Jose F. Platero Framing Construction [ECF No. 29] at this time, without prejudice to refiling at a later date.

**SO ORDERED.**

SIGNED October 31, 2023.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**